UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 8:15-cr-35-CEH-SPF

LUIS ANTONIO HUDGSON-
LEVER
_____/

# ORDER

This matter comes before the Court on Defendant Luis Antonio Hudgson-Lever's *pro se* Motion for Modification or Reduction of Sentence of Mandatory Minimum and Applicable Enhancements under 18 U.S.C. § 3582(c)(1)(B) Pursuant to the Ex Post Facto Retroactive Provisions of the First Step Act of 2018 (Doc. 97). In the motion, Defendant seeks a reduction in his sentence pursuant to the First Step Act. Upon careful consideration, the motion is due to be denied.

## DISCUSSION

On July 22, 2015, Defendant was sentenced to 188 months' incarceration and five years of supervised release for conspiracy with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Doc. 72. By the instant motion, Defendant seeks a reduction in his sentence pursuant to the First Step Act of 2018 (Doc. 97), which made retroactive part of the Fair Sentencing Act of 2010. The Federal Defender was appointed on Defendant's behalf for this First Step proceeding in accordance with the Omnibus Order in *In Re: Section 404 of the First Step Act*, issued by then Chief Judge Merryday in case number

8:19-mc-10-T-23. *See* Doc. 100. The Federal Defender filed a notice of appearance (Doc. 101) and thereafter filed a Notice stating the relief sought exceeds the scope of the Federal Defender's appointment in the Omnibus Order (Doc. 109). Specifically, the Notice states Defendant was not convicted of a crack cocaine offense committed before August 3, 2010, and therefore Defendant's offense of conviction is not a covered offense under Section 404 of the First Step Act. *Id.* at 1. Additionally, the Notice states Defendant seeks relief under the statutory amendments to what qualifies for sentencing enhancements under the Controlled Substances Act, which is beyond the scope of the Federal Defender's appointment under the Omnibus Order. *Id.* at 2. The Government filed a response in opposition arguing that Defendant was sentenced in 2015 for a cocaine offense, not a crack cocaine offense, and therefore Section 404's retroactive application of the Fair Sentencing Act has no bearing. Doc. 110. Additionally, the Government notes that modifications to section 841 are not retroactively applicable, and, in any event, Defendant was not enhanced under 21 U.S.C. §§ 841 and 851.

Subject to a few exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception is that "in any case . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *Id.* § 3582(c)(1)(B). The Fair Sentencing Act was enacted to "restore fairness to Federal cocaine sentencing." Fair Sentencing Act of 2010, Pub. L No. 111-120, 124 Stat. 2372 (2010). In relevant part, Section 2 of the Fair Sentencing Act revised the minimum amount of crack cocaine that triggers an increase in the penalty range as prescribed in 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B)—

changing 50 grams to 280 and 5 grams to 28. *Id.* §§ 2(a)(1), 2(a)(2). Although not initially retroactive, these sections of the Fair Sentencing Act were made retroactive by § 404 of the First Step Act of 2018, which provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" is defined in the First Step Act as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Relief under the First Step Act is within the court's discretion. Section 404 specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

Defendant does not allege, and the record does not reflect, that his sentence was based on a conviction for crack cocaine. Additionally, his offense was not committed before August 3, 2010. Accordingly, § 404 does not provide Defendant relief. Defendant was sentenced for a February 6, 2015 offense of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, which is not a "covered offense" as defined by Section 404. Additionally, as pointed out by the Government, Defendant's sentence was not enhanced under 21 U.S.C. §§ 841 and 851.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Modification or Reduction of Sentence of Mandatory Minimum and Applicable Enhancements under 18 U.S.C. 3582(c)(1)(B) Pursuant to the Ex Post Facto Retroactive Provisions of the First Step Act of 2018 (Doc. 97) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 5, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Luis Antonio Hudgson-Lever, *pro se*
Counsel of Record